UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04655-SPG-DTB | Date | September 4, 2026 |
| Title | Kennedy Kanu Iwuoha v. United States et al. | | |

| | |
|---|---|
| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding: (IN CHAMBERS) ORDER DENYING APPLICATION FOR A TEMPORARY RESTRAINING ORDER [ECF NO. 1]**

Petitioner Kennedy Kanu Iwuoha ("Petitioner") has filed an Emergency Petition for Writ of Habeas Corpus, Complaint For Mandamus, and Ex Parte Application for a Temporary Restraining Order. *See* (ECF No. 1 ("Petition")). Petitioner is detained at the Immigration and Customs Enforcement Processing Center in Adelanto, California, and alleges that he is suffering from progressive blindness and has not received adequate medical care to treat his progressive blindness. *See* (*id.* at 2, 46, 68, 73). On the merits, Petitioner argues that his detention is unlawful because he has been detained for more than six months, and his removal is not reasonably foreseeable in the immediate future. *See* (*id.* at 2-3).

Petitioner seeks emergency injunctive relief in the form of an order to compel Respondent United States ("Respondent") to immediately release him from custody. *See* (*id.*). In response to the Petition, the Court set a briefing schedule on Petitioner's request for a temporary restraining order. *See* (ECF No. 9). Respondent timely filed a brief in opposition to Petitioner's request for a temporary restraining order, *see* (ECF No. 10 ("Opposition")), as well as more than 150 pages of Petitioner's medical records, *see* (ECF No. 12-1). Petitioner did not timely file a reply brief in support of his request.

A temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Among other elements, to obtain a temporary restraining order, a plaintiff must show that he or she is likely to suffer irreparable harm in the absence of preliminary relief. *See Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (citing *Winter*, 555 U.S. at 20). Based on the context of the Petition, the Court understands Petitioner to argue that his condition of progressive blindness constitutes irreparable harm because his detention is allegedly unlawful and he is not receiving adequate medical treatment in custody.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04655-SPG-DTB | Date | September 4, 2026 |
| Title | Kennedy Kanu Iwuoha v. United States et al. | | |

The Central District of California's General Rule 26-05 establishes an expedited process for adjudication of habeas petitions filed by persons seeking immigration-related relief. This process requires the Government to file a notice of appearance within three days after the Clerk's Office issues a notice that the case is subject to General Order 26-05, requires the Government to respond to the habeas petition within seven days of the notice, and requires petitioners to file a reply within three days thereafter. *See* C.D. Cal. GO 26-05 § 2. Following receipt of the petitioner's reply, habeas petitions "will stand submitted for final disposition." *Id.* Because the "standard scheduling order" under General Order 26-05 is "intended to provide a prompt resolution to habeas petitions," "[a]pplications for temporary restraining orders" in cases seeking release from immigration detention "should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." *Id.* § 3.

In consideration of the medical evidence that Respondent has submitted in connection with its Opposition, as well as the expedited relief available through General Order 26-05, Petitioner has not demonstrated that he will suffer irreparable harm if the Court adjudicates his Petition under the standard schedule for habeas cases seeking immigration-related relief. *See Hoang v. Marin*, No. 5:26–CV–01700–AB–ACCV, 2026 WL 1045654, at *1 (C.D. Cal. Apr. 13, 2026) (denying TRO because "the alleged harm is already addressed through the expedited adjudication of the underlying habeas petition"); *see also Wang*, 2026 WL 931095, at *1 (petitioners must show a "specific, individualized exigency" to obtain relief).

Specifically, the medical evidence Respondent submitted in connection with its Opposition shows Petitioner visited an offsite ophthalmology clinic two times in the last three months. *See* (ECF No. 12-1). According to the consultation records, in August 2026, a doctor at the clinic determined that Petitioner has age-related cataracts that do not require active treatment. *See* (*id.* at 2). Instead, the doctor determined that the appropriate course of medical treatment would be to schedule a follow-up appointment and OCT macula scan in four to six months, to establish a baseline for Petitioner's visual deterioration. *See* (*id.*). Petitioner has not submitted an argument for why this treatment is inadequate. Therefore, based on the medical records and arguments presented, Petitioner has not shown that he suffers from a present, irreparable injury that cannot be addressed through the standard process applicable in all habeas cases seeking immigration-related relief.

Therefore, the Court DENIES Petitioner's request for a temporary restraining order and REFERS the case back to the presiding Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

___ : ___

______

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04655-SPG-DTB | Date | September 4, 2026 |
| Title | Kennedy Kanu Iwuoha v. United States et al. | | |

Initials of Preparer pg